**In re Harold DURST and Judith Durst, Debtors.**

**ALAMO PLUMBING SUPPLY COMPANY, Plaintiff,**

v.

**Harold and Judith DURST, Defendants.**

Bankruptcy No. 5–86–01890–A.
Adv. No. 87–5028.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Oct. 26, 1987.

Harold and Judith Durst, pro se.

Philip Hamner, San Antonio, Tex., for Alamo Plumbing Supply.

### MEMORANDUM OPINION AND ORDER

R. GLEN AYERS, Jr., Chief Judge.

On October 14, 1987, Alamo Plumbing Supply Company's ("Alamo") complaint on objection to discharge of a debt under 11 U.S.C. 523(c) came on for trial. This memorandum opinion constitutes findings of facts and conclusions of law under Bankruptcy Rule 7052.

The facts are relatively simple and straightforward. The debtor, Harold Durst, was doing business as Durst Plumbing Co. Alamo sold and delivered plumbing supplies to Durst for use in his business. Durst owes Alamo $6,675.13 for the plumbing supplies. Durst incorporated the goods as improvements, or repairs, to real property. Durst has been paid for his work and materials. Durst did not maintain separate accounts to allocate payments on specific jobs to his suppliers for those jobs, but commingled all his receipts and paid his expenses from the commingled account. Additionally, Durst used the funds he re-

84

ceived for his overhead expenses and withdrew some money for his family's living expenses. Alamo asserts that Durst should not be granted a discharge for this debt because Durst violated his duties as trustee of the funds under the Texas construction trust fund statute. Tex.Prop. Code Ann. Chapter 162 (Vernon 1984).

Durst is a trustee of trust funds. Tex. Prop.Code Ann. section 162.002 (Vernon 1984). Alamo is a beneficiary of that trust fund. Tex.Prop.Code Ann. section 162.003 (Vernon 1984). The application of the Texas construction trust fund statute, under very similar facts, was decided by the Fifth Circuit in a recent opinion, *Boyle v. Abilene Lumber (In re Boyle)* 819 F.2d 583 (5th Cir.1987). The Fifth Circuit noted that the Texas Trust Code, and its imposition of fiduciary duties on trustees, does not apply to the statutory construction trust funds. *Id.* at 586; Tex.Prop.Code Ann. section 162.004(b) (Vernon 1984). The Fifth Circuit found that a construction trustee is under no obligation to segregate accounts or to apply proceeds from each specific job only to expenses of that job. 819 F.2d at 592.

The Fifth Circuit noted that the Texas statute imposes only criminal penalties and then only if the statutory trustee diverted funds from creditors with *intent to defraud.* *Id.* at 586; Tex.Prop.Code Ann. section 162.031 (Vernon 1984). Without evidence of intent to defraud, the Fifth Circuit held that the objection to dischargeability could not be sustained. "Although the statute has been construed to put a nonfraudulent diverter in the position of a personal guarantor, that is not equivalent to holding that non-fraudulent 'diversion' is itself wrongful, as we believe is required by section 523(a)(4)." *Id.* at 592. There is no evidence that Durst had any intent to defraud Alamo, or any other creditor, when he paid his other expenses and overhead out of his receipts. Therefore, Durst is in an analogous position to Boyle, and the discharge of the debt should not be denied.

Finally, Alamo seeks to distinguish *Boyle* from the present case on the fact that Durst ran his business as a proprietorship and not through a corporation as Boyle did. This Court declines to find that this fact alone is sufficient to deny dischargeability of the debt. Boyle controlled the corporation and it would have paid him a salary as part of its overhead. This Court finds that the mere fact that a sole proprietor withdraws money from his business to pay his reasonable living expenses is not sufficiently different from a corporate salary so as to comprise the defalcation required under section 523(a)(4).

Accordingly, the debtors, Harold and Judith Durst, will not be denied the discharge of their debt to Alamo Plumbing Supply Company.

It is therefore ORDERED, ADJUDGED, and DECREED that Alamo Plumbing Supply Company's complaint be and is DENIED. The debt owed to Alamo Plumbing Supply Company is dischargeable under 11 U.S.C. 523.